IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, <br><br> *Plaintiffs*, <br><br> v. <br><br> LEGACY CONTRACTORS, L.L.C., a Louisiana limited liability company, <br><br> *Defendant*. | Case No. 16-cv-10719 <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of its present trustees, for a cause of action against Defendant allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause

contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Legacy Contractors L.L.C. ("Legacy") is a limited liability company organized under the laws of the State of Louisiana.

## COUNT I: PARTIAL WITHDRAWAL

8. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9. During all relevant times, Legacy was bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters under which Legacy was required to make contributions to the Pension Fund on behalf of certain of its employees.

10. The Pension Fund determined that on December 31, 2013, as a result of a 70 percent decline in Legacy's contributions to the Pension Fund, Legacy effected a "partial withdrawal" from the Pension Fund as defined in section 4205(b)(1) of ERISA, 29 U.S.C. § 1385(b)(1).

11. As a result of its partial withdrawal, Legacy incurred withdrawal liability to the Pension Fund in the principal amount of $252,815.22, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "Partial Withdrawal Liability").

12. On or about May 22, 2015, Legacy received a notice and demand for payment of the Partial Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice and attached invoice notified Legacy that it was required to discharge its liability in a lump sum or in monthly payments beginning on June 1, 2015 of $4,109.88 with a final payment of $221.24 due on August 1, 2021.

13. After Legacy had remitted monthly payments for 14 months totaling $57,574.28, it ceased making payments on the Partial Withdrawal Liability.

14. On or about August 25, 2016, Legacy received a notice from the Pension Fund pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its Partial Withdrawal Liability payment was past due, and which forewarned Legacy of the consequences of its failure to pay such withdrawal liability.

15. Legacy did not timely initiate arbitration to challenge the Partial Withdrawal Liability pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

16. Legacy failed to make the required Partial Withdrawal Liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for–

(i) $210,906.29 in Partial Withdrawal Liability;

(ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

(iii) an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

(iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

## COUNT II: COMPLETE WITHDRAWAL

17. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 9 of this Complaint as though fully set forth herein.

18. The Pension Fund determined that on or about October 5, 2014, Legacy permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently

ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

19. As a result of this complete withdrawal, the Pension Fund determined that Legacy incurred withdrawal liability to the Pension Fund in the principal amount of $228,764.39, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "Complete Withdrawal Liability").

20. On or about August 25, 2016, Legacy received a notice and demand for payment of the Complete Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice and demand demanded full payment of the entire amount of the Complete Withdrawal Liability by September 1, 2016, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2) of the Pension Fund's Pension Plan. The amount demanded was $228,764.39, the balance owed at that time on the Complete Withdrawal Liability.

21. Pursuant to sections 4219(c)(2) and 4221(d) of ERISA, 29 U.S.C. §§ 1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or demand for arbitration.

22. Legacy failed to make the Complete Withdrawal Liability payment to the Pension Fund.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for–

    (i) the past due Complete Withdrawal Liability payment in the amount of $228,764.39;

    (ii)  interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii)  an amount equal to the greater of interest on the past due withdrawal liability or liquidated damages of 20% of the past due withdrawal liability; and

    (iv)  attorney's fees and costs.

  (b)  Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

  (c)  For such further or different relief as this Court may deem proper and just.

                Respectfully submitted,

                */s/ Nicholas G. Whitfield*
                Nicholas G. Whitfield (ARDC 6310479)
                CENTRAL STATES FUNDS
                Law Department
                9377 W. Higgins Road, 10th Floor
                Rosemont, Illinois 60018
                847-939-2462
November 18, 2016         nwhitfie@centralstates.org